36691/01245/MHW/REN

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GEVAS, | | |
| | Plaintiff, | |
| | | No. 2012 CV 01297 |
| v. | | |
| | | Hon. John Z. Lee, District Judge |
| WEXFORD HEALTH SOURCES, INC., et al., | | |
| | Defendants. | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, WEXFORD HEALTH SOURCES, INC., TIFFANY UTKE, L.P.N., IMHOTEP CARTER, M.D., HEIDI MOSS, R.N., PARTHASARATHI GHOSH, M.D., LATANYA WILLIAMS, P.A., RONALD SCHAEFER, M.D., and ARTHUR FUNK, M.D. (the "Wexford Defendants"), by and through their attorneys, Matthew H. Weller and Ronald E. Neroda of CASSIDAY SCHADE LLP, and for their Motion for Summary Judgment, hereby state as follows:

1.      This case involves a claim by Plaintiff, David Gevas, an inmate of the Illinois Department of Corrections, for deliberate indifference. As against the various Defendants, the Plaintiff claims: that he did not receive optical care products; that his prescription for Tramadol medication was improperly allowed to expire; and, that he did not receive his prescribed Tramadol, Remeron, Depakote, and Benadryl, medications, due to the medications being out of stock at Stateville Correctional Center ("Stateville"), where he is housed as an inmate. (See Plaintiff's Complaint, Doc. #63, and Amended Complaint, Doc. #227).

2.      To establish deliberate indifference against an individual defendant, a plaintiff must prove: (1) the existence of a serious medical need or risk; (2) that the defendant was

subjectively aware of the serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's serious medical need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

3.      Negligence, gross negligence, or even tortuous recklessness is not enough. *Id*. Unsuccessful medical treatment, neglect, or medical malpractice, are not sufficient to prevail in a claim for deliberate indifference. See *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). In a claim for deliberate indifference, the law requires the Plaintiff to place verifying medical evidence in the record to support his claim that the alleged actions or inactions by the Defendants harmed him. See *Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996). *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013), citing *Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007).

4.      Individual liability under 42 U.S.C. §1983 also requires direct and personal involvement in the situation that causes injury to an inmate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

5.      In order to recover against a corporate defendant, such as Wexford, under Section 1983, a plaintiff must show that the alleged injury was the result of the corporation's official policy or widespread practice. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985); *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

6.      As set forth in greater detail in Defendants' Statement of Facts and Memorandum of Law, the Plaintiff's claims are subject to dismissal at this stage for numerous reasons. With respect to the Plaintiff's claim concerning his contact lenses, the Plaintiff has not presented

sufficient evidence of Nurse Utke's involvement in the Plaintiff's asserted claim against her, or, that the Plaintiff's constitutional rights were in anyway violated with respect to his eye care.

7.      With regard to the Plaintiff claims that he did not receive certain medications, the undisputed record makes clear that when he did not have a current prescription for Tramadol, it was a decision based on a provider's medical judgment and not subject to a claim for deliberate indifference. Further, the occasional dates when the Plaintiff claims to have not received his prescribed medications do not amount to a claim for deliberate indifference against these Defendants.

8.      Finally, the Plaintiff has not made the necessary showing of personal involvement in his alleged constitutional deprivations, as he must under the law, by any of the individual Wexford Defendants. He has also failed to show that any policy or widespread practice by Wexford caused any violation of the Plaintiff's constitutional rights.

9.      For all of the foregoing reasons, the Plaintiff has failed to raise a genuine question of material fact as to any of his claims against the Wexford Defendants and, as such, the Plaintiff's case should be dismissed, with prejudice, in its entirety.

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC., TIFFANY UTKE, L.P.N., IMHOTEP CARTER, M.D., HEIDI MOSS, R.N., PARTHASARATHI GHOSH, M.D., LATANYA WILLIAMS, P.A., RONALD SCHAEFER, M.D., and ARTHUR FUNK, M.D., respectfully pray that this Court enter an Order granting summary judgment, dismissing the Plaintiff's claims against all Defendants with prejudice, and for such other relief as the Court deems necessary and just.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:  /s/ Ronald E. Neroda
     Attorney for Defendants,
     WEXFORD HEALTH SOURCES, INC.,
     TIFFANY UTKE, R.N., IMHOTEP CARTER,
     M.D., HEIDI MOSS, R.N.,
     PARTHASARATHI GHOSH, M.D.,
     LATANYA WILLIAMS, P.A., RONALD
     SCHAEFER, M.D., and ARTHUR FUNK,
     M.D.

Matthew H. Weller #6278685
Ronald E. Neroda #6297286
CASSIDAY SCHADE LLP
20 North Wacker Drive
Suite 1000
Chicago, IL 60606
Telephone:    (312) 641-3100
Facsimile:    (312) 444-1669
Email: mweller@cassiday.com
Email: rneroda@cassiday.com

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2015, I electronically filed the foregoing Motion for Summary Judgment with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Ronald E. Neroda

8049163 RNERODA